Peaesoít, C. J.
 

 The defendant resists a recovery, on the ground, that there are stipulations on the part of the plaintiff, which were dependant covenants, and a performance of which, it was necessary to allege and prove asa condition precedent to the right of action, and that the proof failed in these particulars. His Honor was of opinion with the defendants, and held that, according to the proper construction of the covenant, the evidence did not entitle the plaintiff to recover. There is error.
 

 1st. The contract was entire in regard to the hiring of the three pairs of sawyers, and the plaintiff could not recover as he had failed to deliver one pair.
 

 This Court is of opinion, from the wording of the covenant and the nature of the subject, that it was devisible, and was several in respect to the pairs of sawyers. The time at which they were respectively to commence work, is several, and although the whole price is to be paid at the end of the year, yet, a several rate of twenty-five dollars a month, per pair, is fixed, and, considering the nature of the work, the only certainty required, was in reference to a pair, as a saw cannot be operated without two practiced hands.
 

 2nd. Neither pair was delivered, so as to commence work at the time stipulated.
 

 The covenant seems to allow some margin in regard to time, by making the qualification,
 
 “
 
 provided they do not run away before;” but independent of this, the defendant, Dunn, having accepted them after the time, and having taken the benefit of their labor, in part performance of the covenant, is not at lib-
 
 *125
 
 ertv to refuse to pay a rateable price for it, because, he "was not entitled to their services, except under the covenant. It may be, he might have refused to accept them after the time, and entitled himself to recover damages for an entire breach, but having treated it as continuing, by accepting them under it, he became liable for its performance on his part; and is left to a cross action for damages in respect to a prior breach on the part of the plaintiff, which was severed, and made independent by his subsequent acts — treating the covenant as still continuing and in force. It is a clearly recognised principle, that if there is only a partial failure of performance bjr one party to a contract, for which there may be a compensation in damages, the contract is not put an end to ;
 
 Franklin
 
 v. Miller, 4 Ad. & Ell. 599;
 
 Boon
 
 v. Eyre, 1 H. Bla. 273;
 
 Campbell
 
 v.
 
 Jones,
 
 6 T. R. 570.
 

 3rd. The plaintiff violated the covenant by taking away the two pair of sawyers, and hiring them to one Hyman, before the expiration of the year. This objection is fatal according to the principle of
 
 Brown
 
 v.
 
 White,
 
 2 Jones’ Rep. 463, and
 
 Dula
 
 v.
 
 Cowles,
 
 ibid. 454, unless the plaintiff had a right to take his hands away by the terms of the covenant. This raises a question of construction. The stipulation that Johnson “ may take the hands away, if he becomes dissatisfied with their treatment,” necessarily constitutes him the judge in regard to the matter, and gives him the right to take them away whenever he is willing to assume the responsibility; for, unless he is to be the judge, so as to have the right to
 
 B.atpromptly,
 
 his purpose, in making the stipulation, could not be effected, and to require him to wait, until the question could be settled, whether or not he had good grounds for his dissatisfaction, or was merely making a pretext, would involve a continuation of the very condition of things, against which it was the object to guard.
 

 The additional stipulation, “ to refer the matter of disagreement to two men, to be chosen by the parties,” would not have the effect of preventing this consequence, if it be treated as a
 
 condition precedent,
 
 for the other party might refuse to
 
 *126
 
 go into a reference, or a difficulty occur as to the choosing of their men, or delay be caused in some other way, and it could not have been the intention, as is to be inferred from a consideration of the subject-matter of the contract, to expose the right of the plaintiff to take away his hands, if he became dissatisfied with their treatment, to be in this way hindered, delayed, or defeated. This stipulation is satisfied as giving to it the effect of an
 
 independent agreement
 
 to refer the matter of disagreement, after the plaintiff had taken away liis hands. So that, in that case, instead of the plaintiff bringing an action for damages, by reason of the maltreatment of his slaves, as alleged by him, or of the defendant bringing an action for breach of covenant, in taking them away without cause, as alleged by him, such matter of disagreement, was to be settled by means of a reference.
 

 This construction renders the two stipulations consistent, is justified by the wording of the instrument, and gives effect to the intention of the parties.
 

 Per Curiam, Judgment reversed, and a
 
 venire de novo.